## SETTLEMENT AGREEMENT

This Agreement ("Agreement") is entered into by Plaintiffs and Defendant in settlement of *Service Employees International Union National Industry Pension Fund, et al. v. Golden Gate Health Care Center, Inc.* – Civil Action No. 05-1595, in the United States District Court for the District of Columbia ("Action"). Defendant enters into this Agreement and agrees to make payments required hereunder and to comply with each and every term of this Agreement, in exchange for Plaintiffs' execution of a *Stipulation and Order of Dismissal Without Prejudice* in the Action.

1. Plaintiffs allege that Defendant has been and remains obligated to submit monthly remittance reports and contributions to the Service Employees International Union National Industry Pension Fund ("Fund"). Defendant's obligations arise under the terms of the collective bargaining agreement with Service Employees International Union Local 74 ("Local 74"), the Agreement and Declaration of Trust governing the Fund, and Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2. Plaintiffs allege that Defendant failed to make complete and timely contributions to the Fund for the period November 1, 2000 through December 31, 2005.

3. Plaintiffs and Defendant, who have received independent legal advice in this matter, wish to fully settle and resolve all claims set forth in this Action in a manner that will obviate the need for further litigation and without any findings of fact or admission of liability and without any Court award or payment of costs to any party. In consideration of the mutual covenants set forth below and for other valuable consideration, the parties agree as follows.

4. Based upon Defendant's representations regarding contributions due, the following amounts are due for the period November 1, 2000 through December 31, 2005:

   | | |
   |---|---|
   | Past Due Contributions | $11,232.30 |
   | Accrued Interest | 15,998.15 |
   | Liquidated Damages | 33,223.03 |
   | Total Due | $60,453.48 |

5. The above-listed amounts owed by Defendant to the Fund for unpaid monthly contributions, accrued interest, and liquidated damages are hereby agreed to by the parties.

6. Accrued interest on delinquent contribution amounts is due at the rate of ten percent (10%) per annum and is calculated from the date the monthly payment was due through the date such contributions are paid.

7. Liquidated damages for delinquent contributions are due in an amount equal to the greater of: interest accrued on each monthly contribution, or, twenty percent (20%) of each monthly contribution. *No provision of this Agreement shall be construed to constitute a waiver of the Fund's entitlement to collect liquidated damages on any contributions not paid when due.*

8. Defendant shall pay to the Fund the full amounts listed in Paragraph 4 above for contributions remaining due, interest accrued thereon, previously assessed interest, contribution shortages, and previously assessed liquidated damages less $3,322.30. The total of the foregoing amounts, $57,131.18, shall be paid in six (6) monthly installments as follows:

    $9,548.43 on or before April 1, 2006
    $9,516.55 on or before May 1, 2006
    $9,516.55 on or before June 1, 2006
    $9,516.55 on or before July 1, 2006
    $9,516.55 on or before August 1, 2006
    $9,516.55 on or before September 1, 2006

9. All payments required by this Agreement shall be sent to:

    SEIU National Industry Pension Fund
    Attention: Eunice Washington
    1313 L Street, N.W.
    Washington, DC   20005

10. The Fund agrees to suspend collection of ten percent (10%) of the liquidated damages listed in Paragraph 4 above, provided that Defendant adheres to this Agreement in its entirety.

11. Upon both parties' execution of this Agreement, and within five (5) days of receipt by the Fund of the executed Agreement and Defendant's first payment as set forth above in Paragraph 8, Plaintiffs shall execute and cause to be filed with the Court in the aforementioned Action a *Stipulation and Order of Dismissal Without Prejudice*.

12. In addition to the payment set forth in Paragraph 8, Defendant shall submit to the Fund when due all current and prospective monthly contributions and remittance reports for as long as Defendant is obligated to do so under the terms of Defendant's collective bargaining agreement.

13. Plaintiffs and Defendant agree that this Agreement in no way compromises Plaintiffs' right to collect any additional amounts due, including contributions, accrued interest, liquidated damages, attorney's fees and costs, for contributions for the period covered by this Agreement and all other periods during Defendant's contribution obligation, and Defendant reserves the right to defend and/or challenge any amounts alleged by Plaintiffs to be due.

14. Defendant shall be considered to be in default if payment due under this Agreement is not paid within fifteen (15) days of the date it was due or if any check in payment of any obligation under this Agreement is dishonored by Defendant's bank(s). A notice of Defendant's pending default on this Agreement will be sent on the fifth (5th) day after the missing payment's due date, via certified mail, return receipt requested, to:

    Aaron C. Schlesinger, Esq.            Nat Sherman
    Peckar & Abramson, P.C.               SentosaCare, LLC

70 Grand Avenue                     P.O. Box 336
River Edge, NJ  07661               20 Franklin Place
                                    Woodmere, NY  11598

15. Defendant shall have ten (10) days after notice is received to cure the pending default. Additionally, Defendant will be considered to be in default if Defendant begins proceedings under the United States Bankruptcy Code or under state insolvency law, or if such proceedings are instituted against Defendant.  In the event of default, including, but not limited to, the institution by or against Defendant of federal or state insolvency proceedings, Plaintiffs shall be entitled to apply any payments received under this Agreement or otherwise to any sum due Plaintiffs, regardless of when such sums were due.

16. In the event of default, no provision of this Agreement shall be construed to prevent Plaintiffs from resumption of legal action to collect all amounts due the Fund by Defendant. The rights and remedies of the Fund as provided herein, and otherwise by law, shall be cumulative and concurrent and may be pursued singularly, successively or together at the sole discretion of Fund, and may be exercised as often as the occasion therefore may arise under the terms of such instruments or documents of law, and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof. Fund shall not be deemed to have waived any of its rights or remedies hereunder unless such waiver is in writing and signed by an authorized Fund representative, and then only to the extent specifically set forth in the writing.  A waiver with respect to one event shall not be construed as continuing or as a bar to or waiver of any right or remedy as to a subsequent event.

17. In the event of default, all unpaid sums under this Agreement shall immediately become due and payable in full.  In the event of default, Defendant shall pay all payments due under the preceding paragraphs, as well as the following:

    (a)    Interest at the rate of ten percent (10%) per year from the date payment was due until payment is made;

    (b)    All attorney's fees and costs incurred to collect the sums due, enforce this Agreement, or obtain a Judgment; and

    (c)    Liquidated damages in the amount of the greater of interest as set out above or twenty percent (20%) of all delinquent current contributions.

18. The amounts set forth in this Agreement are based in part upon representations made by Defendants. In the event that any of those representations are found to be incorrect or incomplete, Defendants will pay all additional contribution amounts discovered to be due and all interest accrued on the unpaid principal amounts from date the contributions were due through the date the contribution are paid to the Fund.  Defendant reserves the right to defend and/or challenge any amounts alleged by Plaintiffs to be due.

19. Defendant shall, upon request of the Fund, submit to an audit of their wage, payroll, and personnel records for the period November 1, 2000 through December 31, 2005 for the purpose of determining the amount of contributions due the Fund.  Defendant shall provide any records

requested by the Fund within thirty (30) days of the Fund's request. Should any audit discover any underpayment or nonpayment of contributions due the Fund during the period covered by this Agreement, Defendant shall pay all unpaid contributions due during that period, and all interest accrued thereon from date the contributions were due through the date the contribution are paid to the Fund, as well as all audit expenses, attorney's fees, and costs incurred in the audit and collection of the amounts due discovered thereby. Defendant reserves the right to defend and/or challenge any amounts alleged by Plaintiffs to be due.

20. Acceptance by Plaintiffs of one or more late or partial payments shall not constitute a waiver of Plaintiffs' right to demand that payment be on time and in full for all subsequent payments. Failure or delay by the Fund to enforce this Agreement shall not constitute a waiver of Plaintiffs' right to collect all sums due under this Agreement, any collective bargaining agreement, or Section 502(g)(2) of ERISA.

21. An affidavit executed by counsel for the Fund, the Collections Manager of the Fund, or by any other authorized representative of the Fund, shall constitute conclusive proof of a claim for and the amount of any sums due to the Fund as delinquent contributions, interest, liquidated damages, attorney's fees, and costs, in the event that judicial enforcement of this Agreement becomes necessary.

22. In the event that Defendant should fail to pay contributions in full and on time pursuant to this Agreement, Defendant shall be in violation of the Agreement and Declaration of Trust governing the Fund and shall be subject to immediate suit by Plaintiffs in the United States District Court for the District of Columbia, or, at Plaintiffs' sole discretion, in any other court of competent jurisdiction, pursuant to the provisions of Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145. Defendant reserves the right to defend and/or challenge any amounts alleged by Plaintiffs to be due.

23. Should any provision of this Agreement be determined by a court of competent jurisdiction to be void or unenforceable, the remaining provisions shall remain valid and enforceable at the discretion of Plaintiffs.

24. This Agreement shall be deemed executed in the District of Columbia and shall be governed by the laws of the District of Columbia, except as required by ERISA or other applicable federal law. This Agreement sets forth the entire agreement of the parties hereto concerning settlement by Plaintiffs and Defendant of the aforementioned Action. This Agreement may not be modified orally, but may be modified only by a writing signed by all of the parties hereto.

25. This Agreement shall be binding upon all parties hereto, and their subsidiaries, affiliates, successors, assigns, heirs, executors, agents, servants, representatives, employees, shareholders, officers, and directors.

26. The persons executing this Agreement on behalf of the parties are duly authorized to execute this Agreement and to bind the respective parties to all of its terms.

For Plaintiffs, Service Employees International
Union National Industry Pension Fund

Dated:  April 24, 2006          ____/s/ Eunice H. Washington____

By: Eunice Washington
Service Employees International Union
National Industry Pension Fund



For Defendant Golden Gate Health
Care Center, Inc.

Dated: April 24, 2006          /s/ Aaron Schlesinger_____

By: Aaron Schlesinger

Title: Counsel